❏ Original        ❏ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

CLERK'S OFFICE
A TRUE COPY
Feb 18, 2025
s/ llc
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No. 25-824M(NJ) |
| USPS Priority Mail parcel 9505510690115041664938 | ) | |
| | ) | |
| | ) | |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:        Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Eastern_____ District of _____Wisconsin_____ *(identify the person or describe the property to be searched and give its location)*:

A USPS Priority Mail Express parcel 9505510690115041664938 ("SUBJECT PARCEL").  SUBJECT PARCEL is approximately a 12.5" x 12" x 6" USPS flat rate parcel weighing approximately 8 lbs. 2 oz.  The shipping label for SUBJECT PARCEL indicates it is from "David Rivera Calle Perla del Sur i28 Reparto Flamingo Bayamon PR 00959".  SUBJECT PARCEL bears a handwritten label addressed to "Gabriel Hernandez 5125 n 32nd St Milwaukee WI 53209".  SUBJECT PARCEL was postmarked on February 10, 2025, in Bayamon, Puerto Rico 00957.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

A controlled substance, fruits of crime, or other evidence of distribution of a controlled substance, and unlawful use of a communication facility, in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.

**YOU ARE COMMANDED** to execute this warrant on or before 3/4/2025 _____ *(not to exceed 14 days)*
❏ in the daytime 6:00 a.m. to 10:00 p.m.     xx❏ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Hon. Nancy Joseph_____ .
*(United States Magistrate Judge)*

❏ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❏ for _____ days *(not to exceed 30)*     ❏ until, the facts justifying, the later specific date of _____ .

Date and time issued: 2/18/2025 @ 8:44 a.m.
a.m. _____

_____
*Judge's signature*

City and state:    Milwaukee, Wisconsin            Hon. Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.:<br>25-824 | Date and time warrant executed:<br>02/18/2025   9:51 a.m. | Copy of warrant and inventory left with:<br>USPIS |
| Inventory made in the presence of : | Inspector Tyler Fink, TFOs Robert Gregory and Chris Conway | |

Inventory of the property taken and name(s) of any person(s) seized:

Parcel was found to contain approximately 1,030 grams of suspected cocaine which field tested positive for the presence of cocaine.

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:    02/18/2025

Tyler Fink
Digitally signed by Tyler Fink
Date: 2025.02.18 12:03:53 -06'00'

*Executing officer's signature*

Postal Inspector Tyler Fink

*Printed name and title*

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
Feb 18, 2025
s/ llc
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>USPS Priority Mail parcel 9505510690115041664938 | )<br>)<br>)<br>)<br>)<br>) |

Case No. 25-824M(NJ)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

USPS Priority Mail parcel 9505510690115041664938 mailed from Bayamon, Puerto Rico

located in the _____ Eastern _____ District of _____ Wisconsin _____ , there is now concealed *(identify the person or describe the property to be seized)*:

A controlled substance, fruits of crime, or other evidence of distribution of a controlled substance, and unlawful use of a communication facility, in violation of 21 U.S.C. §§ 841(a)(1), 843(b) and 846.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 843(b)<br>21 U.S.C. § 846 | Distribution of a controlled substance, unlawful use of a communication facility,<br>and conspiracy. |

The application is based on these facts:

Please see attached affidavit, which is hereby incorporated by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Tyler Fink*

Digitally signed by Tyler Fink
Date: 2025.02.13 12:07:38 -06'00'

*Applicant's signature*

Tyler Fink, Postal Inspector, USPIS

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____ telephone _____ *(specify reliable electronic means).*

Date: 2/18/2025

*Judge's signature*

City and state: Milwaukee, Wisconsin

Hon. Nancy Joseph, U.S. Magistrate Judge

*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Tyler Fink, being first duly sworn, hereby depose and state as follows:

## I.  BACKGROUND, TRAINING, AND EXPERIENCE

1.  I am a Postal Inspector with the United States Postal Inspection Service ("USPIS"). I have been employed as a full-time law enforcement officer since June 2014.

2.  The USPIS is the primary investigative arm of the United States Postal Service ("USPS") and is charged under Title 18, United States Code, 3061 with the enforcement of laws governing the use and movement of the United States Mail, including, but not limited to, the misuse and fraudulent schemes involving the mail, crimes relating to mail fraud, identity theft, and narcotics trafficking involving the U.S. Mail.

3.  I am currently assigned to the USPIS Milwaukee Office, Multi-function team, as well as being placed on the High Intensity Drug Trafficking Area ("HIDTA") Interdiction Task Force.  The USPIS Milwaukee Office investigates USPS customers involving narcotics, prohibited mailings, controlled substances, and other matters related to the Postal Service.  The Milwaukee office's team has intercepted numerous parcels, which were found to contain narcotics or proceeds of narcotics trafficking and other criminal activity.

4.  In June 2014, I completed the Peace Officer Standards and Training certification at the St. Louis County and Municipal Police Academy while employed as a City of Creve Coeur Police Officer.  While working as a Police Officer, I received extensive training in narcotics investigations.  In 2017, I graduated from the United States Postal Inspection Service ("USPIS") Basic Inspector Training program.  I received advanced training by the USPIS in the investigation of controlled substances or proceeds/payments being transported through the United States.

1

5.      I have participated in numerous complex narcotics investigations that involved violations of state and federal controlled substances laws including Title 21, United States Code, Sections 841(a)(1) and 846 (possession with intent to distribute a controlled substance and conspiracy to possess with intent to distribute a controlled substance), and other related offenses. I have had both formal training and have participated in numerous complex drug trafficking investigations, including ones using wiretaps.  More specifically, my training and experience includes the following:

    a.  I have used informants to investigate drug trafficking. Through informant interviews, and extensive debriefings of individuals involved in drug trafficking, I have learned about the manner in which individuals and organizations distribute controlled substances in Wisconsin and throughout the United States;

    b.  I have also relied upon informants to obtain controlled substances from dealers, and have made undercover purchases of controlled substances;

    c.  I have participated in several search warrants where controlled substances, drug paraphernalia, and drug trafficking records were seized;

    d.  I am familiar with the appearance and street names of various drugs, including marijuana, heroin, cocaine, cocaine base (unless otherwise noted, all references to crack cocaine in this affidavit is cocaine base in the form of crack cocaine), ecstasy, and methamphetamine. I am familiar with the methods used by drug dealers to package and prepare controlled substances for sale. I know the street values of different quantities of the various controlled substances;

    e.  I am familiar with the language utilized over the telephone to discuss drug trafficking, and know that the language is often limited, guarded, and coded;

    f.  I know that drug traffickers often use electronic equipment and wireless and land line telephones to conduct drug trafficking operations;

    g.  I know that drug traffickers commonly have in their possession, and at their residences and other storage locations where they exercise dominion and control, firearms, ammunition, and records or receipts pertaining to such;

    h.  I know that drug traffickers often use drug proceeds to purchase assets such as vehicles, property, and jewelry. I also know that drug traffickers often use nominees to purchase and/or title these assets in order to avoid scrutiny from law enforcement officials;

    i.  I know large-scale drug traffickers often purchase and/or title their assets in fictitious names, aliases, or the names of relatives, associates, or business entities to avoid detection of these assets by government agencies. I know that even though these assets are in names other than the drug traffickers, the drug traffickers actually own and continue to use these assets and exercise dominion and control over them;

    j.  I know large-scale drug traffickers maintain on-hand large amounts of U.S. currency to maintain and finance their ongoing drug business;

2

k. I know it is common for drug traffickers to maintain books, records, receipts, notes, ledgers, airline tickets, and receipts relating to the purchase of financial instruments, and/or the transfer of funds and other papers relating to the transportation, ordering, sale, and distribution of controlled substances. I also know that the aforementioned books, records, receipts, notes, ledgers, etc. are maintained where the traffickers have ready access to them;

l. I know it is common for large-scale drug traffickers to secrete contraband, proceeds of drug sales, and records of drug transactions in secure locations within their residences, their businesses, storage facilities, and/or other locations over which they maintain dominion and control, for ready access and to conceal these items from law enforcement authorities or rival drug traffickers. These secure locations include, but are not limited to safes, briefcases, purses, locked filing cabinets, and hidden storage areas in natural voids of a residence;

m. I know it is common for persons involved in large-scale drug trafficking to maintain evidence pertaining to their obtaining, secreting, transferring, concealing, and/or expenditure of drug proceeds, such as currency, financial instruments, precious metals and gemstones, jewelry, books, records of real estate transactions, bank statements and records, passbooks, money drafts, letters of credit, money orders, bank drafts, cashier's checks, bank checks, safe deposit box keys, and money wrappers. These items are maintained by the traffickers within residences (including attached and unattached garages), businesses or other locations over which they maintain dominion and control;

n. I know large-scale drug traffickers often use electronic equipment such as telephones (land-lines and cell phones), computers, telex machines, facsimile machines, currency counting machines, and telephone answering machines to generate, transfer, count, record and/or store the information described in the items above, as well as conduct drug trafficking activities;

o. I know when drug traffickers amass large proceeds from the sale of drugs, the drug traffickers attempt to legitimize these profits through money laundering activities. To accomplish these goals, drug traffickers utilize the following methods, including, but not limited to: domestic and international banks and their attendant services, securities brokers, professionals such as attorneys and accountants, casinos, real estate, shell corporations and business fronts, and otherwise legitimate businesses that generate large quantities of currency;

p. I know drug traffickers commonly maintain addresses or telephone numbers in books or papers that reflect names, addresses, and/or telephone numbers of their associates in the trafficking organization; and

q. I know drug traffickers take (or cause to be taken) and maintain photographs of themselves, their associates, their property, and their drugs.

6. In addition, during the course of such residential searches, I and other agents have also found items of personal property that tend to identify the person(s) in residence, occupancy, control, or ownership of the subject premises. Such identification evidence is typical of the articles

3

people commonly maintain in their residences, such as canceled mail, deeds, leases, rental agreements, photographs, personal telephone books, diaries, utility and telephone bills, statements, identification documents, and keys.

7.     I have been the affiant on over 90 warrants in federal court.  Based on my training, personal experience, on the job training, and working with other USPIS Postal Inspectors and HIDTA drug task force officers, I know narcotics, drugs, paraphernalia, controlled substances, and moneys associated with the sale of narcotics, drugs, and controlled substances are sent through the USPS system, and I am familiar with many of the methods used by individuals who attempt to use the USPS to illegally distribute controlled substances.

## II.     PURPOSE OF AFFIDAVIT

8.     This affidavit is made in support of a search warrant for the **SUBJECT PARCEL** (described below) for items that constitute the fruits, instrumentalities, and evidence of violations of Title 21, United States Code, Sections 841(a)(1) (Distribution and Possession with Intent to Distribute a Controlled Substance), 846 (Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance), and 843(b) (Unlawful Use of a Communication Facility, including the mails, to Facilitate the Distribution of a Controlled Substance). To seize: any controlled substance, and any paraphernalia associated with the manufacture and distribution of controlled substances including packaging materials and containers to hold controlled substances; proceeds of drug trafficking activities, such as United States currency, money orders, bank checks, precious metals, financial instruments; and drugs or money ledgers, drug distribution or customer lists, drug supplier lists, correspondence, notations, logs, receipts, journals, books, records, and other documents noting the price, quantity, and/or times when controlled substances were obtained, transferred, sold, distributed, and/or concealed.

4

### III. PARCEL TO BE SEARCHED

9. This affidavit is made in support of an application for a search warrant for USPS Priority Mail Express parcel 9505510690115041664938 ("**SUBJECT PARCEL**"). **SUBJECT PARCEL** is approximately a 12.5" x 12" x 6" USPS flat rate parcel weighing approximately 8 lbs. 2 oz. The shipping label for **SUBJECT PARCEL** indicates it is from "David Rivera Calle Perla del Sur i28 Reparto Flamingo Bayamon PR 00959". **SUBJECT PARCEL** bears a handwritten label addressed to "Gabriel Hernandez 5125 n 32nd St Milwaukee WI 53209". **SUBJECT PARCEL** was postmarked on February 10, 2025, in Bayamon, Puerto Rico 00957 at approximately 1:01 p.m. The postage paid was $26.30.

### IV. PROBABLE CAUSE

10. I review Postal Service records and labels of parcels delivered to the state of Wisconsin from source narcotics areas or sent to those source narcotics areas from Wisconsin. I do this because I know, based on my training and experience, drug traffickers will sometimes use USPS Priority Mail service, which is the intended USPS two-day delivery product. Based on my training and experience with the USPIS, I know drug traffickers use Priority Mail delivery service because of its reliability and the ability to track the article's progress to the intended delivery point. In my training and experience, traffickers will often use fictitious names and/or addresses as well as incomplete names and addresses in an attempt to hide their trafficking efforts from law enforcement.

11. On February 11, 2025, I was reviewing the USPS business records when I found **SUBJECT PARCEL** to be suspicious. **SUBJECT PARCEL** bears a sender address that has been seen on previous parcels destined for various addresses in Milwaukee, which were also found to

5

be suspicious. These previous parcels from Puerto Rico were of similar size, shape, and postmarked from the same area in Puerto Rico.

12. On February 13, 2025, I traveled to the North Milwaukee Post Office, located at 5995 N. Teutonia Avenue, Milwaukee, Wisconsin 53209, and located **SUBJECT PARCEL**. I detained the parcel for further investigation.

*CLEAR database query and K9 alert to the SUBJECT PARCEL*

13. The Consolidated Lead Evaluation and Reporting ("CLEAR") database is a public records product that is designed for law enforcement officers in locating subjects and witnesses, verifying identities of individuals, and gathering background information for use in investigations. A search of the CLEAR database revealed no person by the name of Gabriel Hernandez who currently lives, or has lived, at 5125 N. 32nd Street, Milwaukee, Wisconsin 53209.

14. A search of the CLEAR database could not identify the validity of the sender's address or the sender's name potentially due to the format of the Puerto Rico address.

15. Based on my training and experience, I am aware Puerto Rico is a trans-shipment point for controlled substances. As such, controlled substances are frequently transported from Puerto Rico via the USPS, and the proceeds from the sale of the controlled substances are frequently returned to Puerto Rico via the USPS and/or other means. These proceeds are generally in large amounts of money, oftentimes over $1,000.

16. On February 13, 2025, I met with the Milwaukee Police Department Police Officer Chris Navarrette ("PO Navarrette") and his canine "Czar" at the High Intensity Drug Trafficking Area ("HIDTA") office. Together, PO Navarrette and canine Czar are a certified drug detection team. Canine Czar alerts to the odor of a controlled substance (specifically heroin, cocaine, marijuana, methamphetamine and other controlled substances made with like components) by

6

passively sitting and staring at the area or object emitting or containing the odor of the controlled substances he is trained to alert to. PO Navarrette and canine Czar have received four weeks of intensive training and certification through Shallow Creek Kennels, deploying and utilizing a drug detection canine; that this certification (July 2019), which is re-certified annually, is based on guidelines set forth by the North American Police Work Dog Association (NAPWDA), which is a nationally based group in partnership with local, state, federal and international agencies including private vendors, law enforcement and first responder; that this training establishes consensus-based best practices for the use of detection canine teams by improving the consistency and performance of deployed teams, which will improve interdiction efforts as well as courtroom acceptance. PO Navarrette and canine Czar have detected controlled substances more than 400 times in the past (including training); that in each alert drugs that canine Czar is trained to find have been recovered; and that canine Czar alerts have been the basis for more than sixty (60) search warrants and five (5) vehicle sniffs.

17. On February 13, 2025, I placed the **SUBJECT PARCEL** on the ground in the HIDTA office along with five other similarly sized empty parcels. PO Navarrette indicated canine Czar located and alerted to the parcel known to me to be the **SUBJECT PARCEL**. PO Navarrette informed me canine Czar's alert indicated the presence of controlled substances or other items, such as proceeds of controlled substances, which have been recently contaminated with, or associated with the odor of one or more controlled substances.

18. Based upon the information as outlined in this affidavit, I believe there is probable cause to indicate the contents of the **SUBJECT PARCEL** is drug related, and thus constitutes the fruits, instrumentalities, and evidence of violation of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846 as well as contraband, fruits of a crime, or other items illegally

7

possessed, i.e., a controlled substance, or other evidence of distribution of a controlled substance. I therefore request that this court issue the search warrant for the **SUBJECT PARCEL** and to seize any evidence, contraband, or fruits of the crime.

19. Because this affidavit is submitted for the limited purpose of securing authorization for a search warrant, I have not included each and every fact known to me concerning this investigation and search warrant application. I have set forth only the facts that I believe are essential to establish the necessary foundation for the requested search warrant.

20. **SUBJECT PARCEL** is currently secured at the HIDTA Office located at 11548 W. Theodore Trecker Way, West Allis, Wisconsin.